**Case No. 24-06784**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

Diana Haver, on behalf of herself, all others similarly situated, and the general public,

*Plaintiff-Appellee,*

*v.*

GENERAL MILLS, INC.,

*Defendant-Appellant*

_____

On Appeal from Order Remanding Case
United States District Court for the Southern District of California
Honorable Cathy Ann Bencivengo
District Court Case No. 3:24-cv-01269-CAB-MMP

## ANSWERING BRIEF OF PLAINTIFF APPELLEE DIANA HAVER

Jack Fitzgerald
Trevor M. Flynn
Melanie Persinger
Peter Grazul
**FITZGERALD MONROE FLYNN PC**
2341 Jefferson St., Suite 200
San Diego, CA 92110
(619) 215-1741

*Counsel for Plaintiff-Appellee*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................... ii

INTRODUCTION ........................................................................... 1

SUMMARY OF THE ARGUMENT .................................................. 1

ARGUMENT .................................................................................. 2

    I.    THE DISTRICT COURT DID NOT ERR IN
        REMANDING ............................................................... 2

        A.    Plaintiff Asserts Only Equitable Claims ................................ 2

        B.    Federal Courts Lack Jurisdiction Over Equitable
            Claims Absent Plausible Allegations Legal
            Remedies are Inadequate ............................................. 3

        C.    Remand Was The Proper Result ................................... 6

    II.   THE DISTRICT COURT LACKED EQUITABLE
        JURISDICTION BECAUSE PLAINTIFF HAS AN
        ADEQUATE LEGAL REMEDY .................................... 11

    III.  DEFENDANT'S "WAIVER" ARGUMENT HAS NO
        MERIT ....................................................................... 14

CONCLUSION ............................................................................. 15

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32 & L.R. 32 ................... 16

STATEMENT OF RELATED CASES .............................................. 17

i

# TABLE OF AUTHORITIES

## CASES

*Astiana v. Hain Celestial Group, Inc.*,
  783 F.3d 753 (9th Cir. 2015) ..................................................................3

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) ...........................................................................11

*Cates v. Allen*,
  149 U.S. 451 (1893) .............................................................................8

*Clevenger v. Welch Foods Inc.*,
  2023 WL 2390630 (C.D. Cal. Mar. 7, 2023) ......................................7

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
  321 F.3d 878 (9th Cir. 2003) ..............................................................14

*Cook v. Matrix Absence Mgmt.*,
  737 F. Supp. 3d 885 (N.D. Cal. 2024).................................................7

*Erie Railroad Co. v. Tompkins*,
  304 U.S. 64 (1938) ...............................................................................4

*Forrett v. Gourmet Nut, Inc.*,
  634 F. Supp. 3d 761 (N.D. Cal. 2022)..................................................3

*Freeman v. Blue Ridge Paper Prod., Inc.,*
  551 F. 3d 405 (6th Cir. 2008) .............................................................13

*Granato v. Apple Inc.*,
  2023 WL 4646038 (N.D. Cal. July 19, 2023) ......................................7

*Guaranty Trust Co. of New York v. York*,
  326 U.S. 99 (1945) ............................................................................4, 9

*Guthrie v. Transamerica Life Ins. Co.*,
  561 F. Supp. 3d 869 (N.D. Cal. 2021)........................................ passim

*Guzman v. Polaris Indus.*,
   49 F.4th 1308 (9th Cir. 2022) ..............................................................4, 5

*Hendrickson v. Wal-Mart Assocs., Inc.*,
   2024 WL 4896586 (S.D. Cal. Nov. 26, 2024)........................................8

*Johnson v. Trumpet Behav. Health, LLC*,
   2022 WL 74163 (N.D. Cal. Jan. 7, 2022) .............................................4

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003).........................................................................3

*Legg v. Wyeth*,
   428 F.3d 1317 (11th Cir. 2005) ...........................................................12

*Linton v. Axcess Fin. Servs., Inc.*,
   2023 WL 4297568 (N.D. Cal. June 30, 2023) ............................. 3, 4, 7

*Martinez-Graciano v. JRA Trademark Company, Ltd.*,
   2025 WL 636711 (C.D. Cal. Feb. 27, 2025) .........................................8

*Morgan v. Rohr, Inc.*,
   2023 WL 7713582 (S.D. Cal. Nov. 15, 2023)........................................7

*Orzeran v. Jacobs,*
   798 F. App'x 120 (9th Cir. 2020)..........................................................2

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   572 U.S. 663 (2014) ..............................................................................9

*Phillips v. Apple Inc.*,
   725 F. App'x 496 (9th Cir. 2018)......................................................2, 3

*Pusey & Jones Co. v. Hanssen,*
   261 U.S. 491 (1923) ............................................................................14

*Quakenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996) .........................................................................9, 10

*Rodriguez v. Mondelez Glob. LLC*,
  703 F. Supp. 3d 1191 (S.D. Cal. 2023) ...................................................14

*Rodriguez v. Mondelez Glob. LLC*,
  No. 23-cv-00057-DMS-AHG (S.D. Cal.) .............................................14

*Rogoff v. Transamerica Life Ins. Co.*,
  2024 WL 5010642 (C.D. Cal. Dec. 6, 2024).......................................8, 11

*Ruiz v. The Bradford Exch., Ltd.*,
  2024 WL 2844625 (S.D. Cal. May 16, 2024) ............................ 6, 7, 11

*Rutherford Holdings, LLC v. Plaza Del Rey*,
  223 Cal. App. 4th 221 (2014) ...................................................................3

*Schlesinger v. Councilman*,
  420 U.S. 738 (1975) ...................................................................................3

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ....................................................... 3, 4, 9

*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013) .................................................................................12

*Twist v. Prairie Oil & Gas Co.*,
  274 U.S. 684 (1927) ...................................................................................8

*Velasquez v. Luxottica of Am., Inc.*,
  2025 WL 562881 (C.D. Cal. Feb. 19, 2025) .........................................8

*White v. BP Products North America, Inc.*,
  2024 WL 5247959 (C.D. Cal. Dec. 26, 2024).......................................8

## STATUTES

28 U.S.C. § 1332(d) ......................................................................................1

Cal. Bus. & Prof. Code § 17203 ...............................................................2

iv

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ...................................................................2

Cal. Bus. & Prof. Code §§ 17500, *et seq.* ...................................................................2

## RULES

Fed. R. Civ. P. 2 ...................................................................9

## TREATISES

4 C. Wright & A. Miller, Federal Practice and Procedure (3d ed. 2002) ..................9

## INTRODUCTION

Correctly finding it lacked federal equitable jurisdiction over the two claims in this case, the district court took the only reasonable step available to it: remanding the action to state court, which has jurisdiction over Plaintiff-Appellee's claims. Defendant-Appellant General Mills ("General Mills") now appeals. In its Opening Brief ("AOB"), General Mills relies upon the same arguments which have already been rejected, and its new assertions are irrelevant as they are based off inapposite case law. Because General Mills' arguments are contrary to more than a century of Supreme Court jurisprudence, and not otherwise persuasive, the appeal should be denied.

## SUMMARY OF THE ARGUMENT

There is no dispute that the district court possessed subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Nevertheless, federal courts are still bound by the stricture that they must have equitable jurisdiction to consider equitable claims. Equitable jurisdiction is undeniably a limitation on federal courts, and when a district court lacks equitable jurisdiction, it must either dismiss those claims, or remand them to the courts from whence they came that *can* exercise jurisdiction over them. Faced with that choice, that numerous district courts have unanimously elected to remand is telling—it is

1

the only outcome that make sense. Dismissal would result in a "perpetual loop of (1) plaintiff's re-filing in state court, followed by (2) removal by defendants and then (3) dismissal," *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 880 (N.D. Cal. 2021) (quotation and internal quotation marks omitted).

That equitable jurisdiction acts as a limit on federal courts is self-imposing. Plaintiffs do not have to demonstrate a negative, i.e., allege they do not lack an adequate legal remedy. In fact the opposite is true, in order for a plaintiff to have her equitable claims heard by a federal court, she needs to plausibly allege, and later prove, that she lacks an adequate remedy at law. Nor, as General Mills insists, can defendants simply "waive" a jurisdictional defect to suit their needs.

## **ARGUMENT**

## I.    THE DISTRICT COURT DID NOT ERR IN REMANDING

### A.    Plaintiff Asserts Only Equitable Claims

Plaintiff alleges only three causes of action: violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*. ("FAL"), and for Unjust Enrichment. 2-ER-72-75. The sole remedies available to a private plaintiff under the UCL and FAL are equitable. *See Orzeran v. Jacobs,* 798 F. App'x 120, 122 (9th Cir. 2020) (citing Cal. Bus. & Prof. Code § 17203); *See also Phillips v.*

2

*Apple Inc.*, 725 F. App'x 496, 498 (9th Cir. 2018) ("The only remedies available under [the UCL and FAL] are injunctive relief and restitution" (citing, *inter alia*, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003)). Furthermore, unjust enrichment is "synonymous" with "restitution" and "[w]hen a plaintiff alleges unjust enrichment a court may 'construe the cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting *Rutherford Holdings, LLC v. Plaza Del Rey* 223 Cal. App. 4th 221, 231 (2014)); *cf. Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 768-69 (N.D. Cal. 2022) (finding UCL, FAL, and unjust enrichment claims only seek equitable relief and dismissing claims because "under *Sonner*, a plaintiff must allege the lack of an adequate legal remedy to assert a claim for equitable relief" (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

## B. Federal Courts Lack Jurisdiction Over Equitable Claims Absent Plausible Allegations Legal Remedies are Inadequate

Federal courts are courts of limited jurisdiction and equitable jurisdiction, "much like subject matter jurisdiction," is a "limitation on federal courts." *Linton v. Axcess Fin. Servs., Inc.*, 2023 WL 4297568, at *2 (N.D. Cal. June 30, 2023) (citing *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975)). Moreover, "[a]lthough equitable jurisdiction is distinct from subject matter jurisdiction, ***both*** are

'antecedent to hearing a claim on the merits.'" *Id.* (emphasis added) (quoting *Guthrie*, 561 F. Supp. 3d at 874). Therefore, when the "court is presented with [only] equitable claim[s], it must first determine whether it possesses equitable jurisdiction before it can address the merits." *Id.* (citing *Guzman v. Polaris Indus.*, 49 F.4th 1308, 1314 (9th Cir. 2022) ("Equitable jurisdiction is distinct from subject matter jurisdiction, although **both are required for a federal court to hear the merits of an equitable claim**.")) (emphasis added).

Applying *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945), this Court in *Sonner* held that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution" and that— notwithstanding statutes like CAFA— "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution . . . in a diversity action." 971 F.3d 834, 837, 844 (9th Cir. 2020) (footnote omitted). Here, CAFA applies, but there is no allegation (let alone a plausible one) that Plaintiff lacks an adequate legal remedy, which means, applying *Sonner*, there is no equitable jurisdiction. *See Johnson v. Trumpet Behav. Health, LLC*, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022) ("district courts applying *Sonner* have also 'understood [*Sonner*] to require that a plaintiff must, at a minimum, *plead* that she lacks adequate

4

remedies at law if she seeks equitable relief.'" (quoting *Guthrie*, 561 F. Supp. 3d at 875)).

In *Guzman*, a consumer class action in which the district court granted summary judgment in favor of defendant, this Court reviewed and reversed, finding the district court lacked equitable jurisdiction to consider the merits of the plaintiff's UCL claim. 49 F.4th at 1310. Specifically, it found the UCL claims should have been dismissed, without prejudice, to allow the plaintiff's UCL claim to proceed in state court. *Id*. at 1314 ("the district court should have dismissed Albright's UCL claim without prejudice to refiling the same claim in state court"). While neither *Sonner* nor *Guzman* specifically address the issue of remand in the context of a lack of federal equitable jurisdiction, that should not be surprising considering the underlying complaints were filed in federal courts; thus, remand was not an option. Notably, the Ninth Circuit did mention in *Guzman* that "[i]t may be that this case would have come out differently had it been brought in California state court." *Id.* at 1312.

Because the district court lacked equitable jurisdiction to consider the merits of Plaintiff's claims, and because Plaintiff did not allege she lacked an adequate remedy at law for her equitable claims, the district court lacked the requisite

5

equitable jurisdiction to consider the merits of the claims and, for the reasons set forth below, remand was the appropriate result.

### C. Remand Was The Proper Result

Both *Sonner* and *Guzman* make clear that equitable claims cannot be adjudicated in federal court unless the plaintiffs plausibly allege an inadequate remedy at law; and, if they do not "remand should follow." *See Ruiz v. The Bradford Exch., Ltd.,* 2024 WL 2844625, at *5 n.2 (S.D. Cal. May 16, 2024). The first post-*Sonner* district court to consider whether remand was appropriate following removal under CAFA, but where the district court lacked equitable jurisdiction, concluded that it must either remand or dismiss without prejudice and, between the two, remand was the only logically reasoned choice. *See Guthrie*, 561 F. Supp. 3d at 876-80 (explaining why logic and well-settled principles support remand). In *Guthrie*, the plaintiff's state court complaint sought "a single remedy under a single statute: equitable restitution under" the UCL. *Id.* at 871. Following removal by defendant, plaintiffs moved to remand arguing "[the court] lack[ed] equitable jurisdiction over it," and the court agreed. *Id.* at 872. After a detailed discussion of equitable jurisdiction and actions in equity in general, the court found, under long-standing Supreme Court precedent, it lacked equitable jurisdiction and that remand, not dismissal, was proper. *See id.* at 872-80. Since *Guthrie*, not a single court

6

considering remand under analogous facts has disagreed with the reasoning, while others have considered the same question, and reached the same conclusion. *See, e.g.*, *Ruiz*, 2024 WL 2844625, at *3-6; *Linton,* 2023 WL 4297568, at *2 (granting remand where plaintiff "did not allege in her complaint that she lacked an adequate remedy at law," and that "while she could have sought legal remedies, such as damages for usury, she elected not to do so"); *Morgan v. Rohr, Inc.*, 2023 WL 7713582, at *1 (S.D. Cal. Nov. 15, 2023) ("*Guzman* was originally filed in federal court, whereas the instant case was not. As such, the district court in *Guzman* could not have remanded the case to the state court . . . the Court concludes that Plaintiffs' UCL claim should . . . be remanded"); *Clevenger v. Welch Foods Inc.*, 2023 WL 2390630, at *5 n.4 (C.D. Cal. Mar. 7, 2023) (distinguishing cases that only sought *partial* remand and finding remand is appropriate where all of plaintiff's claims seek equitable relief); *Cook v. Matrix Absence Mgmt.*, 737 F. Supp. 3d 885, 893 (N.D. Cal. 2024) ("Unlike the plaintiff in *Guzman*, Ms. Cook initially filed this case in state court. Accordingly, rather than dismiss her UCL claim with prejudice, the Court will sever the UCL claim and remand it to state court"); *Granato v. Apple Inc.*, 2023 WL 4646038, at *6 (N.D. Cal. Jul. 19, 2023) (because the "Court lacks equitable jurisdiction" and "because the absence of equitable jurisdiction over the State Law Claims would leave no remaining claims over which this Court has

7

subject matter jurisdiction, the Court finds that remand . . . is more efficient and appropriate than dismissal"); *Hendrickson v. Wal-Mart Assocs., Inc.*, 2024 WL 4896586, at *4 (S.D. Cal. Nov. 26, 2024) ("[P]recedent and interests in fairness and economy all favor remand . . ."); *White v. BP Products North America, Inc.*, 2024 WL 5247959, at *5 (C.D. Cal. Dec. 26, 2024) ("Because the Court lacks equitable jurisdiction over Plaintiff's claim for restitution and Plaintiff lacks standing to assert his claim for injunctive relief . . . the appropriate result is to remand this case . . ."); *Velasquez v. Luxottica of Am., Inc.*, 2025 WL 562881, at *2 (C.D. Cal. Feb. 19, 2025) (same); *Rogoff v. Transamerica Life Ins. Co.*, 2024 WL 5010642, at *4 (C.D. Cal. Dec. 6, 2024) (same); *Martinez-Graciano v. JRA Trademark Company, Ltd.*, 2025 WL 636711, at *2-4 (C.D. Cal. Feb. 27, 2025) (granting remand "on the grounds that this Court does not have equitable jurisdiction over Plaintiff's claims for . . . equitable relief under the UCL and FAL").

That remand was proper has its roots in long-standing Supreme Court precedent. *See Cates v. Allen*, 149 U.S. 451, 460-61 (1893) (when a federal court lacks equitable jurisdiction over a removed case, the case may be remanded, not dismissed); *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 689-90 (1927) ("in suits removed from a state court" remand should follow "where the equitable relief sought, although beyond the equitable jurisdiction of the federal court, may be

8

granted by the state court"). Also, in *Quakenbush v. Allstate Ins. Co.*, the Supreme Court reiterated its long-standing view that federal courts should remand cases specifically "where the relief being sought is equitable in nature," 517 U.S. 706, 721 (1996).

General Mills characterizes *Cates* and *Twist* as irrelevant because the well-established principle of remanding claims when federal courts lack equitable jurisdiction "predate the merger of course of law and equity" and as such only "offer outmoded analyses of the jurisdictional interplay between state and federal courts." AOB at 23. But while the merger resulted in a single set of rules, *see* Fed. R. Civ. P. 2, "the substantive and remedial principles [applicable] prior to the advent of the federal rules [have] not changed." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 679 (2014) (quoting 4 C. Wright & A. Miller, Federal Practice and Procedure § 1043, p. 177 (3d ed. 2002)). Recognizing this, in 1945 the Supreme Court in *Guaranty* reaffirmed that equitable relief in federal court is "subject to restrictions: the suit must be within the traditional scope of equity as historically evolved in the English Court of Chancery," including the prerequisite lack of an adequate remedy at law. 326 U.S. at 105 (citations omitted). *Sonner* relied upon *Guaranty* to conclude that federal courts have no power to adjudicate state law equitable claims in diversity cases if federal equitable jurisdiction is lacking. *See Sonner*, 971 F.3d at 840-44.

9

Furthermore, General Mills treats the more recent Supreme Court decision in *Quakenbush* with similar triviality. *See* AOB at 26. However, in *Quakenbush* the Supreme Court clearly explained that federal courts may remand cases specifically "where the relief being sought is equitable in nature," 517 U.S. at 721; *see also Guthrie*, 561 F. Supp. 3d at 871-72 ("[F]ederal courts may remand cases when an abstention doctrine would require them to dismiss or stay the case; that power, the Court explained, arises from a federal court's authority 'to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity.'" (quoting *Quakenbush*, 517 U.S. at 717)).

Ultimately, whether by remand or dismissal without prejudice, when state-law claims are not subject to adjudication in federal court due to a lack of that district court having equitable jurisdiction, federal courts respect the right of a state to authorize its courts to adjudicate those claims. Here, remand is the only logical outcome, as it "achieves the same outcome [as dismissal] more efficiently. *Guthrie*, 561 F. Supp. 3d at 880. Simply put, had remand had not been granted, Plaintiff's case "could become stuck in a perpetual loop of (1) plaintiff's re-filing in state court, followed by (2) removal by defendants and then (3) dismissal by this Court." *Id.* (quotation and internal quotation marks omitted).

10

## II. THE DISTRICT COURT LACKED EQUITABLE JURISDICTION BECAUSE PLAINTIFF HAS AN ADEQUATE LEGAL REMEDY

Here, Plaintiff did not even allege, plausibly or otherwise, that she lacks an adequate remedy at law, and that is all that is required. General Mills' arguments seek to turn this pleading standard on its head and require plaintiffs to affirmatively plead facts that, first, might not be true, and second, could impact their litigation strategy. The results would be an unworkable chaos: defendants would be free to second-guess the absence of any allegations that might strategically benefit them, and courts would have to resolve, without the benefit of anything other than pleadings whether plaintiffs ought to be forced to assert some factual allegation or another. This would be a bizarre result considering it is a fundamental premise of civil procedure that plaintiffs are the "masters of the complaint," and even if they *could* bring a particular type of claim, they may choose not to. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 395 (1987); *see also Ruiz,* 2024 WL 2844625, at *5 ("[p]laintiff, as the master of his complaint, can include certain claims while foregoing others, even if these decisions affect the jurisdictional posture of the case" (citation omitted); *see also Rogoff,* 2024 WL 5010642, at *3 ("The Court declines to rewrite Plaintiff's Complaint . . . . For the Court to exercise equitable jurisdiction to award restitution under the UCL, Plaintiff must 'plausibly allege[] the inadequacy

11

of remedies at law," and "[w]hether Plaintiff elected to forgo available legal remedies is irrelevant to the inquiry.") (citations and quotation omitted).

General Mills' reliance on *Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588 (2013), *see* AOB 33-35, to argue Plaintiff is improperly trying to create an "end run" around CAFA, is misplaced. In *Knowles,* the plaintiff, attempted to stipulate to limit the ceiling on the class's damages to $5 million, which is the jurisdictional limit of CAFA. The Supreme Court, unsurprisingly, found this attempt to limit a putative class's recovery improper, as the named plaintiff (and their counsel) cannot bind absent class members, especially to their detriment. *See Knowles,* 568 U.S. at 595. That is not the case here, and Plaintiff does not seek to limit the Class's recovery—rather, Plaintiff seeks to maximize the Class's chance of recovery, by asserting claims that she believes she can prove, and which provide remedies to make absent class members whole.

Furthermore, the cases General Mills cites in support of its assertion that allowing remand would undermine Congress' intent in enacting CAFA, *see* AOB at 35-38, are inapposite. In *Legg v. Wyeth*, the district court remanded based on a lack of total diversity after the plaintiffs "fraudulently joined three of [defendant]'s sales representatives as defendants in an effort to defeat federal diversity jurisdiction." 428 F.3d 1317, 1319 (11th Cir. 2005). The court found that, in *thousands* of other

12

cases against the same defendant alleging the same personal injury, plaintiffs were routinely fraudulently naming defendants and, the Multidistrict Litigation Court had already concluded such "joinder[s] can only be characterized as a sham," *id.* at 1320-21 (quotation omitted). Based on that presumption of fraud, the court *still* engaged in a lengthy analysis of plaintiffs' allegations and carefully considered affidavits submitted by the true defendant and sham defendants, and only then found error in remand. *See id.* at 1324.

*Freeman v. Blue Ridge Paper Prod., Inc.* is also inapposite in that it involved efforts to limit recovery in order to avoid CAFA jurisdiction. 551 F. 3d 405 (6th Cir. 2008). There, following removal, the plaintiffs disavowed any recovery in excess of the jurisdictional threshold ($5 million) and the district court remanded. *Id.* at 406. Following remand, the plaintiffs divided the case into five suits, and sought total damages of $24.5 million. *Id.* at 407, 409. Defendant again removed, but the district court again remanded, finding the removal untimely. *Id.* at 407. The Sixth Circuit reversed, finding "[t]he $5 million CAFA threshold" was met because of how plaintiffs subsequently divided the complaint, and, as a result, was not untimely. *Id.* A dissent noted that "[i]f there were a single complaint in this case, alleging the existence of a single, one-time nuisance, the majority would apparently condone an action structured so that it avoided CAFA." *See id.* at 411 (Daughtrey, J., dissenting).

13

## III.  DEFENDANT'S "WAIVER" ARGUMENT HAS NO MERIT

General Mills claims the district court erred in denying its jurisdictional waiver regarding its adequate-remedy-at-law defense. AOB at 38-39. However, General Mills' arguments remain unavailing, and the cases it cites to are easily distinguishable. In *Pusey & Jones Co. v. Hanssen*, the court found "lack of equity jurisdiction (if not objected to by a defendant) may be ignored by the court" but *only* "in cases where the subject-matter of the suit is of a class of which a court of equity has jurisdiction." 261 U.S. 491, 500 (1923). In *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, in declining to entertain an argument raised for the first time *on appeal*, the court noted how "even if [it] were to reach the issue, [it] would find it meritless." 321 F.3d 878, 882 n.4 (9th Cir. 2003). Finally, in *Rodriguez v. Mondelez Glob. LLC*, the defendant "argue[d] only that the unjust enrichment claim should fail because Plaintiffs have not sufficiently alleged fraudulent misrepresentations" but did not raise the issue of equitable jurisdiction. 703 F. Supp. 3d 1191, 1213 (S.D. Cal. 2023). Moreover, in *Rodriguez*, the plaintiff alleged her legal remedies were inadequate. *See Rodriguez v. Mondelez Glob. LLC*, No. 23-cv-00057-DMS-AHG (S.D. Cal.), Dkt. No. 14, First Am. Compl., at ¶ 93 ("Plaintiffs' legal remedies are inadequate to fully compensate Plaintiffs for all of Mondelez's challenged behavior."); *see also id.* at ¶ 103. Thus, the Court simply accepted the

14

defendant's silence as acquiescence that these allegations were plausible and, as a result, exercised equitable jurisdiction.

## **CONCLUSION**

Based on the foregoing, the district court correctly granted remand. The order should be affirmed.

March 18, 2025

Respectfully submitted,

/s/ Trevor Flynn
**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
PETER GRAZUL
*pgrazul@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
***Counsel for Plaintiff***

15

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  | 24-06784

I am the attorney or self-represented party.

**This brief contains** | 3,322 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [          ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Trevor Flynn | **Date** | March 18, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**      *Rev. 12/01/22*

## **STATEMENT OF RELATED CASES**

Pursuant to Local Rule 28-2.6, Plaintiff-Appellee identifies the following cases pending in this Court that "raise the same or closely related issues" as those presented by this case:

1. *Ruiz v. Bradford Exchange, Ltd.*, Case No. 24-3378;

2. *Young v. Renewal by Anderson, LLC*, Case No. 24-6095

3. *Velasquez v. Luxottica of Am., Inc.*, Case No. 25-cv-00074; and

4. *Rogoff v. Transamerica Life Insurance Co.,* Case No. 24-07563.


Dated: March 18, 2025         /s/ Trevor Flynn
                                         Trevor Flynn

17